### MATTHIESSEN *et al. v.* KOHLSAAT.

*(Superior Court of New York City, General Term.    October 10, 1891.)*

USURY AS A DEFENSE—FAILURE TO PLEAD.

 Though there is evidence from which a jury might have found that defendant agreed to pay usurious interest had the issue been presented to them, defendant cannot avail himself of the defense of usury, where his only plea was the general denial, and usury does not conclusively appear as matter of law from the evidence.

Appeal from trial term.

Action by Franz O. Matthiessen and another, as executors, against John W. Kohlsaat, to recover a sum of money alleged to be due their testator.    The court directed a verdict for plaintiffs, and from the judgment entered thereon defendant appeals.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Burnett & Whitney,* for appellant.    *Martin & Smith,* for respondents.

PER CURIAM.    The appeal is from the judgment only, and consequently only questions of law can be reviewed.    At the trial no claim was made that there was any question for the jury, nor was there a fatal variance between the proof and the allegations of the complaint.    The action was brought to recover $3,000, being the amount of a loan made to defendant by the plaintiffs' testator, and the complaint alleged the making of the said loans, and a promise on the part of the defendant to repay the $3,000.    The proof established the allegations of the complaint; and incidentally some evidence was introduced from which the jury, if the issue had been made, might have found that the defendant, on obtaining the loan, had further agreed to pay a usurious rate of interest.    But the only defense pleaded was a general denial, and usury did not conclusively appear as matter of law from the evidence adduced by the plaintiff.    Under the circumstances stated, the defense of usury

was not available to the defendant. *Millbank* v. *Jones*, (N. Y.) 28 N. E. Rep. 31, and cases there cited. The record discloses no error, and the judgment must therefore be affirmed, with costs. All concur.